The next case on our calendar is L. Lee Whitnum v. Jane B. Emons. Thank you. Good morning. First and foremost, I'd like to apologize for the hostile tone of my brief. I have been very angry for seven years. This case has to do with the ability to reopen this case, which is against Jane Emons and John Whalen of the Statewide Prosecutor's Office. The Rule 60 violation, which is the ability to file a motion to open after the one-year mark, as you are well aware. Now, the defense has brought in that by bringing in the divorce action prior, it was irrelevant, but it's all relevant, because Jane Emons started off as the divorce judge in my case with my husband in the railroad of divorce. I was railroaded into divorce, never saw my husband or spoke to him in four and a half years until his death, awarded not even a dime despite being married to a man worth $5 million. She denied my conciliation, subpoena requests for production to prove the fraudulent conveyance of his portfolio by his children without my husband and my consent. All this matters, because then she set out to claim I rang her bell and ran in the middle of the night, and although the Woodbridge Police Department determined that I had not violated, they found no link to me and Jane Emons' doorbell, and the fact that I could prove I was in Manhattan on the night before my birthday, the night of the ring and run, my phone records proved it, it didn't matter, I was still arrested. I was facing 14 years in jail and nine crimes. At that point, I was in my mid-50s, a teacher, a Harvard graduate, graduate school, and first-time offender. I found myself, she's very powerful. I spoke here last year about Article III, Section 1, to have her disqualified, because you cannot have a sitting judge criminally framing someone for incarceration and using her power with the statewide prosecutor's office to stifle a political enemy. And she hurt me in every possible way. I was investigated for a hate crime and all kinds of stuff. I was turned down last year by this body. They said that was not, it was limited to, you know, federal courts. Even though I didn't read that in the statute, the constitutional violation was written long before. But then justice prevailed because for the first time in 275 years in Connecticut, I was not the only life this woman was destroying. Simultaneously, in her eight-year term, she was taking, kept me from my husband, taking kids from their parents. So all these people, they put a billboard up. She was not reconfirmed. It was ripple effects all over the state. It was groundbreaking. So justice was served, not by this court, but by the people and the legislature. Okay. Now, I'd like to open this case. The defense is going to tell you that since I missed the time that it was at Butte-u-Bonge beyond Rule 60 and the one year to reopen the case when I tried to open it. I was busy. I was busy doing what I just described to you in front of this very court. So I was not idle. There was a reason, and Justice Black, Supreme Court, wrote the case law on this. There are exceptions to Rule 60, and I'd like to talk about that. There are exceptions. They talk about a man who was sick and had all this in prison, and he could not file his motion to open in a timely manner because there were- You're not claiming that. Oh, yes, I am. Oh, I absolutely am. You're claiming you were unable to file? Ma'am, I would like to get to that right now, please. I had until June 8th, in theory, June 8th, 2016, to file the motion to open. Okay. While this was going on, in this very case, Federal Judge Underhill, and there's also the appeal to have him disqualify, I filed 20 motions to disqualify. Please get this man off my back. Please. At that time, I had already gone to Federal Judge Underhill with an injunction. The only way I got my true phone records was by a federal subpoena. He refused to even address, and it's still open to this day. I was scared to death. At this point, I was facing 14 years in jail. I wound up taking a plea deal for first-time offenders. During that time, I had to wait. John Whalen is the most powerful man in the state. He's Assistant Chief of State's prosecutor, and Kevin Kane, who is also the person I'm trying to cite in, was also tried to name him, and that was also under appeal today. They knew exactly what was going on. Emmons and her husband are triple-digit millionaires and uber-wealthy. They're very powerful, even though she's not a judge. At the time, she was. I had to wait. Notice when I filed the appeal, January 17th, my AR, which meant if they pressed any charge against me in that time during the terms of AR, I would have been hauled back into court, and all of the 14 charges would have come back, and I would have had to face trial in this circus atmosphere where I had already been dragged to criminal court for 41 court appearances, the crimes that were not crimes or they orchestrated that I could prove I did not do, and no judge would hear a motion to dismiss, six of them. Talk over me. Six of them. We have your papers, and you had five minutes to argue. Now, we're going to hear from Jane Emmons and others. Counsel. May it please the court, good afternoon. My name is Alma Rose Nunley, and I represent the defendants in this matter. Who do you work for? The Connecticut Attorney General's Office. Thank you. You're welcome. This case was dismissed more than two years before the motion to open was filed. At that time, the dismissal was with prejudice against all of the defendants except for Prosecutor Whelan. At that time, the plaintiff was given the opportunity to file an amended complaint against Prosecutor Whelan in order to establish that the younger abstention doctrine did not apply in this instance. She elected not to do so. That was the only issue? That younger didn't apply? That was the only issue left open. The case against Judge Emmons had been dismissed for absolute judicial immunity in regards to the divorce case, and because the plaintiff had not stated a 1983 claim for the conduct related to the criminal prosecution, because the court decided in its 1915 review that the judge had acted in her individual personal capacity, and it had nothing to do with her being a judge. In regard to Prosecutor Whelan, when the case was dismissed, it was dismissed for prosecutorial immunity, and then also for younger abstention because the criminal case was still pending at the state court. She was given an opportunity to file an amended complaint. She instead filed a motion for reconsideration, as was her right. When that was denied, she filed an appeal to this court, as was her right. That appeal was denied. At no point did she file a timely amended complaint. When you say the appeal was denied, you mean that the judgment was affirmed? Yes. Then, in December of 2017, she files a motion to open, which is the subject of this, which challenges the legal reasoning for the initial dismissal, which this court had already affirmed. There's no basis to reopen at that point. It is both untimely, because it was more than one year after the dismissal, and it was not reasonable that it was brought. It's challenging the same grounds that she was already brought here. She doesn't get to file a motion to open as a second bite at the apple. She raises a lot of factual contentions that were not before the court in 2017, and therefore does not relate to whether the court abused its discretion when it denied the motion to open. In regards to the motion to cite in Chief State's Attorney Kevin Kane and the motion for the district court judge to be recused, the court correctly exercised its discretion in denying those because there was no case to cite anyone into because the case had been closed for more than two years. Because the case had been closed, it was also whether to recuse the judge or not. If the court does not have any further questions for the defendants, I would rely on my brief and ask for the court to reaffirm the denial of the motion to open, the motion to cite in the additional party, and the motion to recuse. Thank you. Ms. Whitley, you're reserved one minute for rebuttal. Thank you, Your Honor. There is a new amended complaint which is streamlined. I only recently, two months ago in January, finally got the report, Whalen's report, in the Whitman v. Woodbridge case, which is one of the police arresting agencies that arrested me at Jane Emmons' bidding. And only recently did I get the Woodbridge police report that proved that the first investigative agency had found no connection to me in Jane Emmons' doorbell and then a secondary police agency came in, her friend John Whalen, and continued to prosecute me for two more years, costing me in total four years of salary as a teacher, and to live continuously the violation of my Sixth Amendment right. I believed for years I was going to jail for 14 years. It was Cracker Jack, Judges Hudock, Wenzel, and Hernandez would not hear a motion to dismiss. Whalen wouldn't allow them because then it would prove that he had altered my phone records and his report that I just got last month. I filed a new amended complaint, and it was a Brady violation, Your Honor. He buried the evidence to protect himself because he had criminally framed me with Jane Emmons. Ms. Woodbridge, did you ever have counsel representing you at any of these cases? Your Honor, I did. I had a Mr. Grotz. I spent $22,000 on lawyers, and every time he went right up to John Whalen's, I said no ex parte with the statewide prosecutors. Did you attempt to hire counsel to reopen this case? No, Your Honor. After $22,000, I've been living below the poverty level since Jane Emmons divorced me and awarded me not even a dime despite being married to a man worth $5 million. We were railroaded into divorce. My husband's children fraudulently conveyed his portfolio during our marriage without our consent. I never saw him again. I fought for four and a half years. I'm broke. I mean, I'm sorry, but I live below the poverty level since Jane Emmons appeared for just my first day in a court in my life, July 16, 2012, in Jane Emmons' court, and she denied my right to conciliation to get to my own infirmed husband who was being kept from me from his children. She violated my right to conciliation. I had a right by statute 46B. Connecticut is a circus atmosphere. It's unlawful there. We have your brief. Please look at the new amended complaint or else I'll be here next year. I'm not going to stop fighting until I get some justice, please. It's not fair. Thanks for the warning. No, I'm nothing. I'm an ant under their shoe. I'm an ant under your shoe. I'm nothing. I'm nobody. Give me justice, please. Thank you. That concludes our argument calendar, so I will ask the clerk to adjourn court. Court is adjourned.